IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Williams, #264517, | ) | |
| | ) | Civil Action No. 3:06-760-RBH-JRM |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Warden Stan Burtt and Henry D. | ) | |
| McMaster, Attorney General of the | ) | **REPORT AND RECOMMENDATION** |
| State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, Jonathan Williams ("Williams"), is an inmate at the South Carolina Department of Corrections serving a sentence of twenty years for trafficking in cocaine and one year (concurrent) for unlawful carrying of a firearm. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 10, 2006.[1] Williams filed an amendment to his petition on April 24, 2006. The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on May 24, 2006. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on May 26, 2006, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Petitioner has filed his response on July 3, 2006.

---

[1] This is the Houston v. Lack, 487 U.S. 266 (1988) "delivery" date. See order filed April 4, 2006.

**Procedural History**

Williams was arrested on November 3, 1998, in Berkeley County after a confidential informant advised law enforcement authorities of a drug transaction that was to take place. He had a pistol and cocaine on his person, and a search of his automobile produced another quantity of cocaine. Williams hired Lisa Gay ("Gay") to represent him on the charges on November 6, 1998. On or about January 27, 2000, Williams also hired Tracey Brown ("Brown") along with his partner Denise Swope ("Swope"), to represent him at his trial scheduled for February of 2000. An off the record conference with the trial judge, the Honorable Edward Cottingham, was held shortly thereafter ("the Pretrial Conference"). Brown was there to represent Williams. The State was represented by Deputy Solicitor Brent Gray ("Gray"). Neither Williams nor Gay attended.

A jury was selected to Williams' trial on February 14, 2000.[2] After the jury was selected, the Court held a hearing on Williams' motion to compel the name of the confidential informant and to suppress the evidence recovered during the search ("the Suppression Hearing"). (App. 157). Williams was present and represented by Brown and Swope. Gay was not there. The State was represented by Gray. Judge Cottingham denied Williams' motions and also denied a request to continue the case. Williams pled guilty pursuant to a negotiated agreement on Wednesday, February 16, 2000. (App. 180). He did not file a direct appeal.

Williams filed an application for post-conviction relief on June 21, 2000 (App. 12). An evidentiary hearing was convened on May 15, 2001, before the Honorable Jackson Gregory ("PCR

---

[2]February 14, 2000 was a Monday. The record is somewhat confused as to the timing of events in February of 2000. There is no record of the jury selection process. However, a transcript of a motions hearing held on February 14, 2000 begins with Judge Cottingham stating on the record "that none of the jury or jury panel selected for this case is in the courtroom." (App. 159).

Hearing I"). Williams was present and represented by retained counsel. He, his mother, and his sister testified. Williams also called Gay as a witness. The State called Brown to testify. The hearing was recessed because the transcript of the Suppression Hearing had not been received. (App. 44-75). The hearing was reconvened before Judge Gregory on May 2, 2002 ("PCR Hearing II"). Williams was again present and testified, as did Brown. (App. 119-156). At the conclusion of the hearing, Judge Gregory asked both parties to submit a proposed order. On May 21, 2003, Judge Gregory filed an order granting the application for post-conviction relief. (App. 1). Judge Gregory concluded that Williams was entitled to a new trial because he was denied the counsel of his own choosing [Gay] at the Suppression Hearing and the guilty plea. (App. 8). Alternatively Judge Gregory found that Brown was ineffective in failing to object to the denial of Williams' right to have Gay present. (App. 9).

The State filed a petition for writ of certiorari in the South Carolina Supreme Court arguing:

> The PCR judge erred in finding that Jonathan Williams' guilty plea should be overturned on the basis that he was denied his choice or counsel because, prior to and as part of that plea, Mr. Williams consulted with an attorney whom he had retained and who properly advised him regarding the nature and consequences of the plea.

Williams' counsel filed a return arguing:

> I.    The lower court correctly ruled that the Respondent was denied his right to representation by counsel of his choice in violation of the Sixth Amendment.
>
> II.   The lower court's alternative ruling, that the Respondent is entitled to a new trial because he was denied his Sixth Amendment right to effective assistance of counsel, is the law of the case and must be affirmed.

The State filed a reply. The petition for writ of certiorari was granted and the parties submitted briefs. The South Carolina Supreme Court reversed Judge Gregory's order in a _per curiam_ opinion.

3

See <u>Williams v. State</u>, Memo. Op. 2005-MO-046 (S.C. S.Ct. filed September 26, 2005).  The South

Carolina Supreme Court stated:

> Reversed pursuant to Rule 220(b)(1), SCACR, and the following authority:
> <u>Holland v. State</u>, 322 S.C. 111, 470 S.E.2d 378 (1996) (the findings of a post-
> conviction relief court will not be upheld if no evidence of probative value
> supports those findings).

### **Grounds for Relief**

In his original petition, Williams argued that he was entitled to a writ of habeas corpus on

the following ground:

> My plea of guilty was not freely, knowingly, voluntarily, intelligently given
> to the court because I was denied counsel of choice.
>
> A.     I retained two advocates to represent me in this criminal case
>        and the trial court judge relieved my lead counsel from my
>        case without my knowledge, and my defense team was
>        undercut and these circumstances caused my case to be in
>        shambles, in which caused me to plead guilty.

In the amendment to the petition, Williams asserts:

> Because the PCR Court held that the Petitioner was denied effective
> assistance of counsel, and this issue was not appealed, it was error for the
> petitioner not to be granted a new trial.
>
> A.     The PCR judge in this case was unequivocal when he held
>        that the petitioner was deprived os his Sixth Amendment
>        rights to counsel which rendered his guilty plea involuntary,
>        citing Hill v. Lockhart.  The State in this case appealed the
>        court decision granting the petitioner on the counsel choice
>        issue.  However, the state did not appeal this issue in
>        reference to ineffective assistance of counsel.  Inasmuch as
>        this was legally never appealed and because the court granted
>        the petitioner relief on this issue, the petitioner is entitled to
>        the relief he was granted.

### **Discussion**

Since Williams filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

5

<u>Id</u>. at 1519-20.  Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable."  <u>Id</u>. at 1521.

Williams' claims revolve around his relationship with the attorneys he hired, Gay and Brown, and the trial court's insistence that the case be disposed of in a timely fashion.  Williams was on bond until the end of the Suppression Hearing (App. 176) giving him ample access to both Gay and Brown.  At the Suppression Hearing, Judge Cottingham cautioned that he would not allow Williams or any other defendant to continually delay his case by switching attorneys. (App. 174-75). Judge Gregory made detailed factual findings (albeit, authored by Williams' PCR attorney) and concluded that Judge Cottingham acted arbitrarily and denied Williams' "representation of counsel of his choice." (App. 7).  Upon review, the South Carolina Supreme Court found that no probative evidence supported the conclusion that Williams was denied counsel of his own choosing.  The undersigned agrees with the assessment of the Supreme Court.

1.     Counsel of Choice

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right...to have Assistance of Counsel for his defense."  U.S. Const. amend. VI.  This guarantee demands that a non-indigent defendant be given a fair opportunity to secure counsel of his own choosing.  <u>Powell v. Alabama</u>, 287 U.S. 45, 53 (1932).  The defendant's right to counsel of choice "reflects constitutional protection of the defendant's free choice independent of concern for the objective fairness of the proceeding." <u>Flanagan v. United States</u>, 465 U.S. 259, 267-68 (1984).  However, this right is not absolute. <u>Sampley v. Attorney General of North Carolina</u>, 786 F.2d 610, 612 (4th Cir.), *cert. denied*, 478 U.S. 1008 (1986).  For example, an indigent defendant may not insist on appointment of counsel of his

choosing.  A defendant cannot require that he be represented by an attorney who is not a member of the court's bar or that a court honor his waiver of a conflict of interest.  United States v. Gonzales-Lopez, ___ U.S. ___, 126 S.Ct. 2557, 2565 (2006).

Perhaps the most common situation is which this issue arises is when the defendant hires new counsel who seeks a continuance on the eve of trial.  A defendant's right to counsel of his choice may be limited where allowing such a choice would interfere with the "orderly and expeditious" administration of justice.  United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994).  The court facing such a situation must balance the defendant's Sixth Amendment right with other countervailing interests such as the court's calendar and the availability of witnesses, attorneys and jurors.  Morris v. Slappy, 461 U.S. 1, 11 (1983).  Thus, a court has "wide latitude in balancing the right to counsel of choice against the needs of fairness...and against the demands of its calendar."  Gonzales-Lopez, 126 S.Ct. at 2565-66.  Wrongful denial of counsel of choice is a structural defect in the process which does not necessitate the defendant showing prejudice.  Id. at 2557.

Contrary to the PCR court, the undersigned concludes after review of the record that Judge Cottingham did not deny Williams' counsel of his choice.  Williams' initially hired Gay.  He met with Brown on January 26, 2000 and a fee agreement was signed on January 27 (App. 203).  Brown was hired at the eleventh hour with trial at hand, because Williams "started hearing rumors about Lisa Gay, that she wasn't a good trial lawyer, that she was only good for bond reductions." (App. 49).  Brown was hired for the impending trial.  The fee agreement provided an alternative fee: one amount as co-counsel to Gay and a higher amount if Gay were not in the case. (App. 203).   The higher amount was paid. (App. 94).

Shortly after being hired, Brown had the off the record conference with the Solicitor and Judge Cottingham. The case was continued at Brown's request. After the jury was selected (but not sworn), the Suppression Hearing was held. Swope began to press the Court for a further continuance. Judge Cottingham responded:

> (W)hen this case was called for trial several weeks ago, your co-counsel [Brown] was in my chambers. He told me that he was going to represent Mr. Williams. And based on the fact that he had just gotten in the case, he asked me to continue it. I continued it with the understanding that it was his case and his alone. I told him at that time if Lisa Gaye (sic) was in it, we were going to call the case for trial that week. He took the case. Hesitantly, he took it. I told him not to take it if you have any reservations. We are going to try it this week.

(App. 169-70).

Some further discussion of Gay's status and participation ensued. Judge Cottingham indicated that Gay had been ready to try the case, but it was continued for three weeks at Brown's request. (App. 174). Judge Cottingham further stated, "I'm not going to have Mr. Williams or any other client switch lawyers every time his case is called for trial and that's exactly what he did. Be ready." Finally, Judge Cottingham stated, in Williams presence and on the record, "(n)ow if ya'll want to have Ms. Gaye (sic) here [for trial], I have no objection. Mr. Williams may [have her here]. He's the one that fired her. That's his decision." (App. 175).

Based on this record, the undersigned finds that Williams hired Brown on the eve of trial because he was concerned about Gay's competence. Brown asked Judge Cottingham for a continuance so he could prepare for the case which was granted. After the jury was selected and the motion for suppression was denied, Brown and Swope sought a further continuance which was denied by Judge Cottingham. The trial was to begin several days later. Judge Cottingham stated that Gay was welcomed to participate. Apparently neither Williams nor Brown contacted her. Williams

elected to plead guilty.[3]  It is evident that Williams hired Brown, obtained a continuance, and at the end of the day could have had Brown and Gay represent him at trial.

2.    Ineffective Assistance of Trial Counsel

In the amendment to the present petition, Williams argues that since the PCR court found his trial attorneys to be ineffective, and the State failed to appeal this issue to the South Carolina Supreme Court, he is "entitled to the relief he was granted" by the PCR court.

The PCR court held that Brown was ineffective in only one way, "failing to object to the denial of right to counsel of Applicant's choice." (App. 9).  The PCR court further held that "(i)n all other respects, Brown provided effective assistance of counsel.  He was diligent in preparing for trial given the time constraints imposed by the trial judge.  Except as previously discussed, the Court finds no deficiency." (Id.)  Therefore, Williams' claim of ineffective assistance of counsel claim is directly related to his claim that he was denied counsel of choice.  Having found that no violation occurred with respect to choice of counsel, the ineffective assistance of counsel claim also fails.

In essence Williams is arguing a state procedural issue, i.e., the South Carolina Supreme Court should have granted him relief because the State failed to specifically raise the PCR court's finding on ineffective assistance of counsel in its petition for writ of certiorari.  This claim is not cognizable because a claim of error in a state post-conviction proceeding cannot serve as the basis of federal habeas relief.  Bryant v. Maryland, 848 F.2d 492 (4th Cir. 1988).

Second, the issue was actually presented to the South Carolina Supreme Court.  The State's petition for writ of certiorari was based on the PCR court's finding that Williams was denied counsel of his choosing, but also included "Mr. Williams consulted with an attorney whom he had retained

---

[3]The PCR court made no finding that Williams' plea was involuntary. (App. 8).

9

and who properly advised him regarding the nature and consequence of his plea." Williams' return

to the petition for writ of certiorari specifically addressed the PCR court's second holding.

> Should the order granting a new trial be affirmed on the basis of the lower court's alternative ruling that the Respondent was denied effective assistance of counsel, which is the law of the case because it has not been appealed?

The State filed a Reply addressing this question and the briefs also addressed the issue. Thus, the

South Carolina Supreme Court had a full opportunity to consider and reject this procedural claim.

## <u>Conclusion</u>

Based on a review of the record, it is recommended that respondent's motion for summary

judgment be granted without an evidentiary hearing.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

February 12, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).